CHARLES DALRYMPLE et al., Appellants, v. THOMAS CRAIG, Respondent.

Kansas City Court of Appeals, June 13, 1898.

1. Pleading: IMMATERIAL ISSUE. Immaterial and improper issues should be eliminated from the pleadings.

2. ———: ISSUES: DUTY OF COURT. In this case the only issue made by the pleadings was whether the note in suit was included in a certain settlement and the case should have been determined on such issue.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

HEWITT & BLAIR and HARWOOD & HUBBELL for appellants.

(1)    Separate defenses under our system of pleading are not inconsistent, except when the proof of one necessarily disproves the other, that is, unless they are inconsistent in fact.    Nelson v. Brodhack, 44 Mo. loc. cit. 598–599; Gen. Stat. 1865, chap. 165, sec. 14; R. S. 1889, sec. 2051; Deering & Co. v. Collins, 38 Mo. App. loc. cit. 86; McAdow v. Ross, 53 Mo. loc. cit. 202; State ex rel. v. Rogers, 79 Mo. loc. cit. 286, and cases there cited; Ledbetter v. Ledbetter, 88 Mo. loc. cit. 62; Crowder v. Searcy, 103 Mo. loc. cit. 117; Patrick v. Boonville, 17 Mo. App. loc. cit. 465; Moore v. Bank, 22 Mo. App. loc. cit. 694; Wood v. Hilbish, 23 Mo. App. loc. cit. 397; State to use v. Samuels, 28 Mo. App. loc. cit. 653, and cases cited; Nelson v. Wallace, 48 Mo. App. loc. cit. 198; Bliss on Code Pleading [2 Ed.], sec. 341; Maxwell on Code Pleading, pp. 397, 398.    (2)    Plaintiff's reply occupies the relation of an answer to the new matter set up in defendant's answer.    The same rules as to inconsistency are applicable to replies as apply to answers.    McQuillin's Plead. and Prac. (1892) secs. 403, 405; Young v. Schofield, 132 Mo. loc. cit. 661; State ex rel. v. Moss, 35 Mo. App. loc. cit. 445; R. S. 1889, sec. 2054; R. S. 1889, sec. 2052.

S. G. LORING for respondent.

These two defenses are inconsistent.    Adams v. Adm'r, 37 Mo. 143; 1 Chitty on Plead. [16 Ed.], 653;

McMahan v. McMahan, 68 Mo. App. 61; 4 Ency. of Plead. and Prac. 805. (2) If in July, 1894, plaintiffs received from this defendant $1,000 in full settlement of all their indebtedness against him, as allege.l in defendant's answer, of the three notes, only the note in suit was overdue—the other two were more than two years under due—the receipt by them of $1,000 was a valid consideration and sufficient to support said settlement. Henson v. Sliver, 69 Mo. App. 140; Brooks v. White, 2 Metc. (Mass.) 383; 1 Am. and Eng. Ency. of Law, p. 100; Beach, Modern Eq. Jur., sec. 78; 1 Pomeroy, Eq. Jur. [2 Ed.], sec. 897; Ock v. R'y, 130 Mo. 47; Carson v. Smith, 133 Mo. 614; Estes v. Reynolds, 75 Mo. 565; Taylor v. Short, 107 Mo. 384; Cobb v. Hatfield, 46 N. J. 537; Hemminger v. Heald, 52 N. J. Eq. 437; Grass v. Mfg. Co., 48 Fed. Rep. 39; Hammond v. Wallace, 85 Cal. 527; Bell v. Baker, 43 Me. 87.

SMITH, P. J.—This is an action on promissory note to recover the sum of $300. The answer admitted the execution of the note sued on and alleged that at the time of the execution thereof the defendant executed two others to plaintiffs of like date, each for a larger amount. It was further alleged that the defendant executed a deed of trust covering certain real estate to secure the last named notes; that afterward he made several payments in discharge of said indebtedness; and that later on, a dispute arose between plaintiffs and himself as to the amount of the payments so made and the amount of said indebtedness remaining unpaid, and for the purpose of settling all disputes in respect thereto the plaintiffs and defendant entered into an agreement whereby defendant agreed to pay and did pay the plaintiffs $1,000, which amount the plaintiffs agreed to receive and did receive as a consideration for

the full satisfaction and discharge of said notes; and that the plaintiffs thereupon executed and delivered to the defendant a certain written instrument whereby they released said deed of trust.

The reply of the plaintiffs admitted the execution by defendant of the deed of trust and the two notes therein described, but denied that the defendant made any payments on the said indebtedness evidenced by said notes, or that any dispute arose in respect thereto, or that there was any compromise settlement of the note sued on, or that said note had any connection with the written release pleaded by defendant. It was therein further alleged that said written release was procured by certain false and fraudulent representations made by defendant to plaintiffs.

As it was not alleged in the answer that the note in suit was embraced in the written release, it is quite difficult to understand to what allegation thereof that part of the reply, denying that the said note had any relation to the written release, was directed. And since it is denied that the said note was not embraced within the terms of the compromise settlement, it is also difficult to understand why it is alleged in the reply that the written release was procured by fraud. Certainly this was not a fact that could be pleaded by plaintiffs in avoidance of any defense interposed by the defendant's answer. The allegation was, it seems to us, out of place and could have no other effect than to raise an immaterial and improper issue in the case. It should have been eliminated.

The only issue made by the pleadings is as to whether or not the plaintiffs and defendant entered into a compromise settlement, and if so whether or not the three notes were included therein, or rather whether or not the note in suit was included therein?

This issue was clearly and distinctly made by the

pleadings and should have been determined by the court like any other such issue. The question of inconsistent defenses is not presented by the replication and therefore we think the action of the court in so ruling was error.

The judgment will accordingly be reversed and cause remanded. All concur.